IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EVANSTON INSURANCE COMPANY,<br>Ten Parkway North<br>Deerfield, IL 60015<br><br>and<br><br>ESSEX INSURANCE COMPANY<br>4521 Highwoods Parkway<br>Glen Allen, VA 23065<br><br>Plaintiffs,<br><br>v.<br><br>RISING SUN CONTRACTORS CO., RISING SUN CONTRACTORS, INC., and RISING SUN CONTRACTING<br>100 Quigley Boulevard<br>New Castle, DE 19720,<br><br>Defendants. | C.A. No. 10-_____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY RELIEF

AND NOW, come Plaintiffs, Evanston Insurance Company and Essex Insurance Company, by their attorneys, Cozen O'Connor, and in support of their Complaint for Declaratory Relief against Rising Sun Contractors, Co, Rising Sun Contractors, Inc., and Rising Sun Contracting, hereby allege the following:

### NATURE OF ACTION

Plaintiffs Evanston Insurance Company ("Evanston") and Essex Insurance Company ("Essex") bring this action for declaratory judgment seeking a judicial declaration that they have no duty or obligation to provide coverage, defend, or indemnify the named insureds, Rising Sun Contractors Co., Rising Sun Contractors, Inc., and Rising Sun Contracting, ("Rising Sun") for claims asserted against Rising Sun in a matter known as *Canal Landing Townhouse*

*Condominium Association v. Louis Capano & Associates, Inc. et al.*, Superior Court of Delaware, C.A. No. 07C-09-162-JOH. Plaintiffs in *Canal Landing Townhouse Condominium Association* assert claims for damages sustained to a 70 unit condominium complex based on alleged faulty workmanship. Rising Sun was one of the contractors who performed work at the condominium complex. Evanston and Essex assert that there is no coverage because (a) the Combination Contractors Endorsement bars coverage for the damages alleged in the underlying complaint; (b) the Combination General Endorsement bars coverage for the damages alleged in the underlying complaint; (c) the Combination Contracts Endorsement bars coverage for the damages alleged in the underlying complaint; (d) no occurrence has been alleged in the underlying complaint; (e) and the Business Risks Exclusions bar coverage for the damages alleged in the underlying complaint.

## PARTIES

1. Plaintiff, Evanston Insurance Company, is a corporation with a principal place of business at Ten Parkway North, Deerfield, Illinois 60015.

2. Plaintiff, Essex Insurance Company, is a corporation with a principal place of business at 4521 Highwoods Parkway Glen Allen, Virginia 23065.

3. Defendants maintain a principal place of business located at 100 Quigley Boulevard, New Castle, Delaware 19720.

## JURISDICTION AND VENUE

4. This is an action for Declaratory Judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, regarding an insurance contract dispute, involving an amount in controversy in excess of $75,000, exclusive of interests and costs, between Plaintiffs and Defendants.

5.      Jurisdiction is founded on diversity of citizenship, pursuant to 28 U.S.C. § 1332(a), since there is complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      Venue lies in the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1391, as: (a) Rising Sun maintains a principal place of business at 100 Quigley Blvd., New Castle, DE 19710; (b) the policies of insurance under which the claim was made were issued to Rising Sun at its place of business located at 42 E. Alba Drive, Newark, Delaware 19702; and (c) the underlying property damage which gives rise to this dispute occurred in the State of Delaware.

7.      An actual case or controversy of a justiciable nature exists between Plaintiffs and Defendant, involving their respective rights and liabilities under policies of insurance, and is dependent upon the principles of contract construction and interpretation. The controversy may be determined by a judgment of this action without other suits.

8.      All parties who have or claim any interest in the matter in controversy or who would be affected by any declarations made by this Court have been named in this action.

### THE UNDERLYING COMPLAINT AND RELATED FACTS

9.      This matter arises from Rising Sun's request for coverage for claims asserted against it in a matter known as *Canal Landing Townhouse Condominium Association v. Louis Capano & Associates, Inc. et al., Superior Court of Delaware, C.A. No. 07C-09-162-JOH* ("*Canal Landing*").

10.     Plaintiffs in *Canal Landing* are a condominium association and various individual condominium owners. *See* underlying Amended Complaint (Exhibit "A").

11. Said plaintiffs asserted a claim against various defendants, including Louis Capano and Associates, Inc. and Rehoboth Beach Associates LLC, for damages arising from the construction of 70 condominium units and a common area. *See* Exhibit "A," ¶ 2.

12. Said plaintiffs allege that design and construction defects exist which caused severe water and moisture penetration and damage. *See* Exhibit "A," ¶¶ 9-37.

13. Said plaintiffs allege that the damage was caused by improper and deficient design, engineering, construction, materials and workmanship. *See* Exhibit "A," ¶¶ 9-37.

14. The allegations include claims of a defective leaking roof, a leaking facade, an improperly designed rear deck and leaking water pipes. *See* Exhibit "A," ¶¶ 9-37.

15. The defendants Louis Capano and Associates, Inc. and Rehoboth Beach Associates LLC filed a Third Party Complaint against Rising Sun and other third party defendants. *See* underlying Third Party Complaint )Exhibit "B").[1]

16. The Third Party Complaint alleges that in the event that the third party plaintiffs are liable to the original plaintiffs then the third party defendants are liable to the third party plaintiffs on the grounds that their conduct was the primary and/or contributing cause of any damages sustained.

17. The third party plaintiffs demand indemnification and contribution.

18. Rising Sun sought defense and indemnity for the allegations set forth in the Amended Complaint and the Third Party Complaint pursuant to policies issued by Evanston.

---

[1] An Amended Third Party Complaint was filed naming additional third party defendants. The Amended Third Party Complaint did not alter the allegations asserted against Rising Sun. A copy of the underlying Amended Third Party Complaint is attached hereto as Exhibit "C."

19. Evanston and Essex have been providing a defense to Rising Sun subject to a reservation of rights. A true and correct copy of the reservation of rights letter is attached hereto as Exhibit "D."[2]

20. Evanston and Essex now seek a declaratory judgment that they owe no duty to defend or indemnify Rising Sun for the claims asserted in *Canal Landing* pursuant to the Evanston and Essex policies.

## THE POLICIES

21. Evanston issued three policies to the named insured as follows:

    (a) Policy Number 3CK0488; issued to Rising Sun Contractors for the period of 07/14/2003 to 7/14/2004;

    (b) Policy Number 3CU0935; issued to Rising Sun Contracting for the period of 07/14/2006 to 7/14/2007; and

    (c) Policy Number 3CW78700 issued to Rising Sun Contracting for the period of 7/14/2007 to 7/14/2008.

22. Essex issued two policies to the named insured as follows

    (a) Policy Number 3CN6421; issued to Rising Sun Contractors Co. for the period of 07/14/2004 to 7/14/2005; and

    (b) Policy Number 3CR8427; issued to Rising Sun Contractors, Inc. for the period of 07/14/2005 to 7/14/2006.

All of the policies issued by Evanston and Essex are herein collectively referred to as the "Policies" and are attached hereto as Exhibit "E."

23. All of the Policies state that Evanston and/or Essex agree to provide coverage for bodily injury and property damage if caused by an occurrence as follows:

---

[2] Although only Evanston Insurance Company is referenced by name in Exhibit "D," the policies relied on in such correspondence include policies issued by Evanston and Essex as detailed in paragraphs 21 and 22 of this Complaint. *See* Exhibit "D," p. 4.

I. **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. Insuring Agreement

    b. This insurance applies to "bodily injury" and "property damage" only if:

        (1) the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory",

    "Occurrence" is defined as:

    an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

    "Property damage" means:

    1. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    2. Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

24. Each of the Policies contains a Contractor Limitation Endorsement which precludes coverage for any injury, loss or damage arising out of inadequate, improper, faulty or defective construction of any condominium development which exceeds six units.

25. The Contractor Limitation Endorsement also precludes coverage for any injury, loss, or damage arising out of inadequate, improper, faulty or defective construction which causes or results in the invasion or existence of water or moisture and related deterioration of the property.

26. The Contractor Limitation Endorsement provides as follows:

II. **CONTRACTOR LIMITATION ENDORSEMENT**

THIS ENDORSEMENT CHANGES THE POLICY

I. The coverage under this policy does not apply to "bodily injury," "property damage," "personal injury," "advertising injury," or any injury,

loss or damage arising out of inadequate, improper, faulty or defective construction:

* * *

    3.    Of any apartment or condominium or any single-family or tract homes where the total project or development exceeds 6 homes and/or units;

    4.    Causing or resulting in the invasion or existence of water or moisture including but not limited to mold, mildew, rot, and related deterioration of the property.

27.    Each of the Policies contains a Combination General Endorsement which precludes coverage for any injury loss or damage arising out of, caused by or contributed to from water or moisture due to leakage as follows:

### III.    COMBINATION GENERAL ENDORSEMENT

THIS ENDORSEMENT AMENDS THE LIABILITY COVERAGE FORM OR COVERAGE PART (hereinafter referred to as Coverage Form) AND APPLIES TO THE ENTIRE POLICY

    10.    This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or any injury, loss, or damages, including consequential injury, loss or damage, arising out of, caused by or contributed to:

* * *

    k.    resulting from water or moisture, and/or due to discharge, leakage, seepage, backup or overflow from sewers, mains, drains, pipes, plumbing, heating, refrigeration, air conditioning, standpipes, appliances, sprinkler systems, or ditches, streams, levees, or rain or snow admitted to the building interior; or

* * *

    12.    Where there is no coverage under this policy, there is no duty to defend.

28.    The Policies issued for the 2005-2006 and 2006-2007 policy periods include a Combination Contractors Endorsement which modifies the definition of "occurrence" and

specifically excludes from the definition actual and/or alleged defective work; actual and/or alleged defective workmanship; actual and/or alleged defective construction; and/or actual and/or alleged negligent construction as follows:

### IV. THE COMBINATION CONTRACTORS ENDORSEMENT

THIS ENDORSEMENT AMENDS THE LIABILITY COVERAGE FORM OR COVERAGE PART (hereinafter referred to as Coverage Form) AND APPLIES TO THE ENTIRE POLICY

1. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions; However, the following is not an "occurrence" under this policy:

   a. Actual and/or alleged defective work; and/or
   b. Actual and/or alleged defective workmanship; and/or
   c. Actual and/or alleged defective construction; and/or
   d. Actual and/or alleged negligent construction.

29. The Policies all include Business Risk Exclusions to coverage for damage to property, damage to the insured's product and damage to the insured's work as follows:

### A. COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

2. Exclusions

This insurance does not apply to:

**j(5). Damage To Property**

"Property damage" to:

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damages" arises out of those operations;

**k. Damage to Your Product**

"Property damage" to "your product" arising out

of it or any part of it.

**l. Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

## COUNT I- THE CONTRACTOR LIMITATION ENDORSEMENT

30. Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth at length.

31. The Policies contain the Contractor Limitation Endorsement which excludes coverage for "bodily injury," "property damage," "personal injury," "advertising injury," or any injury, loss or damage arising out of inadequate, improper, faulty or defective construction of a condominium project which exceeds six homes or units.

32. The Amended Complaint and Third Party Complaint assert claims for property damage arising from alleged defective construction.

33. The Amended Complaint alleges that the Canal Landing Townhouse Condominiums was a 70 unit project.

34. The Contractor Limitation Endorsement therefore excludes coverage of all claims arising from the 70 unit Canal Landing Townhouse Condominium project which is the basis of the Amended Complaint pursuant to Section I 3 of the Endorsement.

35. The Contractor Limitation Endorsement also excludes from coverage "bodily injury," "property damage," "personal injury," "advertising injury," or any injury, loss or damage arising out of inadequate, improper, faulty or defective construction" causing the

"invasion or existence of water or moisture including but not limited to mold, mildew, rot, and related deterioration of the property."

36. The Amended Complaint claims that the alleged defective work caused leaking and water infiltration throughout the property and related property damage.

37. Coverage therefore is not afforded for the claims asserted by the plaintiffs in *Canal Landing* as they result from alleged defective work resulting in leaking and water infiltration throughout the property which is precluded from coverage pursuant to Section I 4 of the Contractor Limitation Endorsement.

WHEREFORE, Evanston and Essex request that this Honorable Court enter judgment declaring that:

    a. The Contractor Limitation Endorsement bars coverage for all claims asserted against Rising Sun in the matter known as *Canal Landing;* and

    b. Evanston and Essex are entitled to such other relief as this Court deems equitable and just, including investigation costs, legal costs and attorney's fees.

### COUNT II- THE COMBINATION GENERAL ENDORSEMENT

38. Paragraphs 1 through 37 are incorporated herein by reference as though fully set forth at length.

39. The Policies include a Combination General Endorsement which excludes coverage for claims resulting from water or moisture intrusion into the building interior.

40. The Amended Complaint and Third Party Complaint allege that the damages complained of and for which plaintiffs seek compensation are the result of water intrusion.

41. Coverage therefore is not afforded for the claims asserted by the plaintiffs in *Canal Landing* as they result from water or moisture intrusion which is precluded from coverage pursuant to Section 10 k of the Policies' Combination General Endorsement.

WHEREFORE, Evanston and Essex request that this Honorable Court enter judgment declaring that:

    a. The Combination General Endorsement bars coverage for all claims asserted against Rising Sun in the matter known as *Canal Landing*; and

    b. Evanston and Essex are entitled to such other relief as this Court deems equitable and just, including investigation costs, legal costs and attorney's fees.

### COUNT III- THE COMBINATION CONTRACTS ENDORSEMENT

42. Paragraphs 1 through 41 are incorporated herein by reference as though fully set forth at length.

43. The Policies for the years 2005-2006 and 2006-2007 include a Combination Contracts Endorsement which modifies the definition of "occurrence" contained in the Policies and specifically excludes actual or alleged defective work, workmanship, construction and/or negligent construction from the definition of "occurrence."

44. All of the claims asserted against Rising Sun arise from actual or alleged defective work, construction or negligent construction.

45. As all of the allegations asserted against Rising Sun fail to fall within the definition of "occurrence" as defined in the Combination Contracts Endorsement, no coverage is afforded for such claims falling within the 2005-2006 and 2006-2007 policy periods.

WHEREFORE, Evanston and Essex request that this Honorable Court enter judgment declaring that:

    a. the *Canal Landing* suit fails to trigger coverage under the Evanston policies because the Amended Complaint and Third Party Complaint fail to allege an occurrence pursuant to The Combination Contracts Endorsement; and

    b. Evanston and Essex are entitled to such other relief as this Court deems equitable and just, including investigation costs, legal costs and attorney's fees.

## COUNT IV-NO OCCURRENCE

46. Paragraphs 1 through 45 are incorporated herein by reference as though fully set forth at length.

47. All of the claims asserted against Rising Sun arise from actual or alleged defective work, construction or negligent construction.

48. Damage arising from alleged faulty workmanship does not fall within the definition of "occurrence" under any of the policies.

49. As all of the allegations asserted against Rising Sun arise from alleged faulty workmanship which does not constitute an "occurrence" all such allegations fail to trigger coverage under the Policies.

WHEREFORE, Evanston and Essex request that this Honorable Court enter judgment declaring that:

    a. the *Canal Landing* suit fails to trigger coverage under the Evanston policies because the Amended Complaint and Third Party Complaint fail to allege an occurrence pursuant to terms of the Policies; and

    b. Evanston and Essex are entitled to such other relief as this Court deems equitable and just, including investigation costs, legal costs and attorney's fees.

## COUNT V – BUSINESS RISK EXCLUSIONS

50. Paragraphs 1 through 49 are incorporated herein by reference as though fully set forth at length.

51. The Policies include various exclusions baring coverage for losses arising from the work performed by Rising Sun.

52. The *Canal Landing* suit alleges that faulty workmanship was performed in the construction of 70 condominium units and a common area causing damage to the roof and resulting in severe water and moisture penetration and damage.

53. The *Canal Landing* plaintiffs allege that the damage was caused by improper and deficient design, engineering, construction, materials and workmanship.

54. The allegations include claims of a defective leaking roof, a leaking facade, an improperly designed rear deck and leaking water pipes.

55. To the extent that any damage alleged includes:

A. property damage to any part of real property on which Rising Sun was working;

B. property damage to Rising Sun's product or arising out of it or any part of it; and/or

C. property damage to Rising Sun's work arising out of it or any part of it and included in the "products-completed operations hazard,"

the business risks exclusions bar coverage for Rising Sun.

WHEREFORE, Evanston and Essex request that:

a. this Honorable Court enter judgment declaring that the business risk exclusions contained in the Policies bar coverage for all claims asserted against Rising Sun in the matter known as *Canal Landing;* and

b. Evanston and Essex are entitled to such other relief as this Court deems equitable and just, including investigation costs, legal costs and attorney's fees.

Dated: June 23, 2010

Joseph J. Bellew (No. 4816)
Cozen O'Connor
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (215) 701-2431
Email: jbellew@cozen.com

*Counsel to Plaintiffs*